JOHNSON, Chief Judge.
In this petition for a writ of habeas corpus, it appears that a timely notice of appeal was actually filed by the petitioner, but due to the fact there did not appear in the Clerk’s Office (trial court clerk) an order adjudging the defendant insolvent, the notice of appeal was not actually filed for lack of the $25.00 filing fee.
The Circuit Court had entered an order stating that “it appearing to the court that defendant has been adjudged insolvent,” and thereupon appointed the public defender to represent the defendant on this appeal.
It appears to us from the petition and accompanying exhibits, that the petitioner’s direct appeal in this court, was attempted to be filed pro se, within the required time. The case appeared before us as Case No. L-482 with the notice of appeal, filed by the public defender in June 1969, which was more than 30 days after the rendition of the order appealed from, but, it appearing that the public defender was appointed by the Circuit Court on March 11, 1969, to represent the defendant on appeal, which was within time for a timely appeal, and inasmuch as the defendant was deprived of his direct appeal on the merits by state action (action of the public defender) under the theory of Hollingshead v. State, we do hereby authorize the petitioner to proceed with his appeal, and do direct the Public Defender of Escambia County to represent *192 said defendant on his appeal. If the public defender desires, he may request this court to consider his brief filed in our case No. L-482 as his brief in this appeal.
WIGGINTON and SPECTOR, JJ., concur.